NOT FOR PUBLICATION
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

FILED

MAY 28 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

CELESTE M. GONSALVES,

Plaintiff - Appellant,

v.

Prosecutor STEVEN S. ALM; MARK
YUEN, Deputy Prosecuting Attorney,

Defendants - Appellees.

No. 25-4822

D.C. No. 1:25-cv-00053-SASP-WRP

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Hawaii
Shanlyn A.S. Park, District Judge, Presiding

Submitted May 26, 2026[**]

Before:    S.R. THOMAS, MILLER, and H.A. THOMAS, Circuit Judges.

Celeste M. Gonsalves appeals pro se from the district court's judgment

dismissing her 42 U.S.C. § 1983 action alleging due process violations.  We have

jurisdiction under 28 U.S.C. § 1291.  We review de novo a dismissal under 28

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

U.S.C. § 1915(e)(2)(B)(ii). *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). We affirm.

The district court properly dismissed Gonsalves's action because Gonsalves failed to allege facts sufficient to state any plausible claim. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining that to avoid dismissal, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face" (citation and internal quotation marks omitted)); *Gomez v. Whitney*, 757 F.2d 1005, 1006 (9th Cir. 1985) (holding that allegations of inadequate investigation are not sufficient to state a due process claim).

The district court did not abuse its discretion in denying Gonsalves's motion for relief from judgment because Gonsalves failed to demonstrate any basis for relief. *See Sch. Dist. No. 1J, Multnomah County, Or. v. ACandS, Inc.*, 5 F.3d 1255, 1262-63 (9th Cir. 1993) (setting forth standard of review and grounds for relief under Federal Rule of Civil Procedure 60(b)).

The district court did not abuse its discretion in dismissing Gonsalves's action without leave to amend because amendment would be futile. *See Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1041 (9th Cir. 2011) (setting forth standard of review and explaining that dismissal without leave to amend is proper where amendment would be futile).

**AFFIRMED.**